1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   FERNANDO ESCOBEDO-SANCHEZ,                    CASE NO. 04cr3168 - IEG
                                                   (07cv1181 - IEG - 1)
12                                    Plaintiff,
                                                   ORDER GRANTING PETITIONER'S
13           vs.                                   REQUEST FOR AN EVIDENTIARY
                                                   HEARING
     UNITED STATES OF AMERICA,
14
                                      Defendant.
15

16
            Petitioner Fernando Escobedo-Sanchez  filed an amended motion, under 28 U.S.C. § 2255,
17
     asking for relief from his sentence imposed after he pled guilty to one count of attempted reentry after
18
     deportation.  (Doc. No. 52.)  Respondent ("the government") filed an opposition on July 25, 2008.
19
     (Doc. No. 55.)  On August 11, 2008, petitioner filed a reply.  (Doc. No. 56.)
20
            For the following reasons, the Court grants petitioner's request for an evidentiary hearing.
21
                                            **BACKGROUND**
22
            This action arises from the criminal prosecution of petitioner initiated after his arrest at the
23
     Calexico Port of entry on November 15, 2004.  A complaint, filed on November 17, charged petitioner
24
     with attempted illegal reentry, in violation of 8 U.S.C. § 1326.
25
            Magistrate Judge Peter Lewis appointed Jeanne Geren Knight to represent petitioner.  In a
26
     letter dated November 22, 2004, the government conveyed to Ms. Knight a "Fast Track" offer of a 48-
27
     month sentence for petitioner. The letter set a December 3, 2004 deadline for acceptance, but further
28
     stated the government would not oppose a continuance of the preliminary hearing to give petitioner

1  additional time to consider the offer.  Petitioner claims Ms. Knight did not convey the offer until

2  December 2, 2004.  Petitioner further claims Ms. Knight did not (1) inform him of sentencing

3  exposure if he declined or accepted the offer and (2) did not give professional advice on the relative

4  merits of the offer before the offer expired.  The government disputes petitioner's characterization of

5  the interaction.

6        On December 15, 2004, the Grand Jury indicted petitioner on the charge of attempted entry

7  into the United States after deportation.  On March 3, 2005, petitioner pled guilty before Magistrate

8  Judge Ruben B. Brooks.  The Court accepted petitioner's guilty plea and sentenced him to 77 months

9  in prison and two years of supervised release on May 23, 2005. The next day, petitioner appealed.  On

10 July 31, 2006, the Ninth Circuit Court of Appeals affirmed petitioner's conviction.

11       On June 28, 2007, petitioner filed a 2255 petition, arguing he received ineffective assistance

12 of counsel.  On February 20, 2008, after full briefing, the Court issued an order denying the

13 government's motion to dismiss, granting petitioner an evidentiary hearing, and appointing counsel

14 for petitioner.  The evidentiary hearing did not occur because, on May 12, 2008, the Court granted

15 petitioner leave to file an amended 2255 petition, which petitioner filed on June 16, 2008.  The

16 government filed an opposition and petitioner replied.

17                                              **DISCUSSION**

18 **I.     Legal Standards**

19       Petitioner is entitled to an evidentiary hearing "[u]nless the motion and the files and records

20 of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; United States

21 v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003).  Thus, an evidentiary hearing is necessary where "the

22 movant has made specific factual allegations that, if true, state a claim on which relief could be

23 granted." Leonti, 326 F.3d at 1116 (quoting United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.

24 1984)).  To justify a refusal of an evidentiary hearing, "[a] claim must be 'so palpably incredible or

25 patently frivolous as to warrant summary dismissal.'" United States v. Howard, 381 F.3d 873, 877 (9th

26 Cir. 2004) (quoting Leonti, 326 F.3d at 1116)).

27       "A plea must be voluntary to be constitutional." Kaczynski v. United States, 239 F.3d 1108,

28 1114 (9th Cir. 2001).  "Where, as here, a defendant is represented by counsel during the plea process

and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" <u>Hill v. Lockhart</u>, 474 U.S. 52, 56 (1985) (quoting <u>McMann v. Richardson</u>, 397 U.S. 759, 771 (1970)). "[A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in <u>McMann</u>.'" <u>Hill</u>, 474 U.S. at 56-57 (internal citation omitted).

The Court applies the two-part standard from <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), to determine whether counsel's performance fell below constitutional standards, rendering the guilty plea involuntary.  First, petitioner must show counsel's representation fell below the standards expected of reasonably competent counsel.  <u>Hill</u>, 474 U.S. at 58-59.  Second, petitioner must show prejudice. The prejudice inquiry, in the guilty plea context, focuses on the impact of counsel's errors on the plea process.  Petitioner "must only show that but for counsel's bad advice the outcome of the plea bargaining would have been different." <u>Perez v. Rosario</u>, 459 F.3d 943, 948 (9th Cir. 2006).

**II.    Parties Arguments**

Petitioner requests the court resentence him to 48 months in custody because he received ineffective assistance of counsel.  Petitioner claims Ms. Knight failed to convey the plea agreement offer in a timely manner, failed to advise petitioner of the risks of rejecting the offer, and gave no competent professional advice.  Petitioner claims this ineffective assistance was prejudicial because he would have accepted the offer but for Ms. Knight's deficient performance.

*i.    Government's Argument*

The government argues the Court should dismiss the amended 2255 petition without an evidentiary hearing because the case is sufficiently developed to conclusively show petitioner is not entitled to relief.  The government claims petitioner cannot satisfy either step of the <u>Strickland</u> test because (1) "there is no basis" to find Ms. Knight's representation fell below the standards expected of reasonably competent counsel and (2) petitioner did not show Ms. Knight's alleged errors were prejudicial.

Before addressing the merits of its <u>Strickland</u> defense, the government argues the court should disbelieve all allegations by petitioner because he retracted two erroneous factual assertions from his

original petition.  Further, the government argues against petitioner's credibility by noting the remaining factual dispute is "between an experienced attorney with a long-standing reputation for professionalism and competence, and Petitioner who retracted major allegations from his original Petition." (Resp't Opp'n at 10, Doc. No. 55.)

Following this logic, the government addresses <u>Strickland</u> step one by making factual assertions based upon Ms. Knight's declaration.  The government first argues the communication of the offer was timely because it occurred before the offer's expiration.  The government then argues Ms. Knight correctly advised petitioner concerning his criminal history and maximum custodial sentence.  To support this proposition, the government repeatedly relies on Ms. Knight's declaration to resolve factual disputes between the parties.  Finally, the government argues the Court remedied any deficiency in Ms. Knight's performance during the plea colloquy because petitioner admitted he knew the sentencing ramifications of his guilty plea.

Addressing <u>Strickland</u> step two, prejudice, the government argues an earlier communication of the plea offer would not have caused a different outcome because, according to Ms. Knight, petitioner was a "difficult client."  (Resp't Opp'n at 11.)

The government concludes petitioner is not entitled to a hearing because (1) his claims are "bald assertions," (2) petitioner presents "no facts calling into question his guilty plea," (3) petitioner does not demonstrate prejudice.

### ii.    *Petitioner's Argument*

In his reply, petitioner argues the government concedes there is a factual dispute about the conveyance of the plea offer.  Petitioner reasons the "factual dispute" goes to the heart of the <u>Strickland</u> claim; therefore, petitioner is entitled to an evidentiary hearing.

Petitioner argues the government's heavy reliance on Ms. Knight's disputed statements illustrates the need for an evidentiary hearing to evaluate her credibility.  Petitioner claims Ms. Knight communicated the plea offer as "only the bare number of months in the offer and provided zero context or professional advice."  (Pet'r Reply at 2, Doc. No. 56.)  This, according to petitioner, falls short of prevailing professional standards, which require Ms. Knight (1) inform her client of sentencing exposure if he declined or accepted the offer and (2) give professional advice on the

relative merits of the offer before its expiration.  Petitioner notes the government's sole response to this argument is to dispute the factual basis of the claim.  Petitioner further argues the Court may not resolve these strenuously disputed matters on the basis of the parties' papers alone, but rather must conduct an evidentiary hearing.

Petitioner further argues an evidentiary hearing is needed to evaluate the purported credibility gap between Ms. Knight and petitioner.  The government has not provided any admissible evidence, argues petitioner, but only declarations that do not comply with the requirements of 28 U.S.C. § 1746.  Furthermore, petitioner asserts Ms. Knight's statements bear no particular indicia of reliability and are highly dubious.  Petitioner lists examples of the "infirmities" in Ms. Knight's recent statements:

> In 2005, Ms. Knight told this Court at [petitioner's] sentencing hearing, upon being asked about the lack of plea agreement, that [petitioner] "pled because the [the government] withdrew the offer," Amend. Pet. App. C at 6, and stated in her sentencing memorandum that she was "unable to resolve his case because the plea offer was withdraw so quickly," Amend. Pet. App. D at 4; now Ms. Knight claims Mr. Escobedo pled without an agreement because he rejected the offer, Opp. App. 14 ¶ 6.

(Pet'r Reply at 5.)  Petitioner offers other examples of contradictory statements, including a conflicting account of petitioner's rejection of the plea offer.

> In 2005, Ms. Knight told this Court that when she came back to San Diego after visiting [petitioner] in El Centro, she "asked [the prosecutor] to leave the offer . . . open, . . . and they couldn't," Amend. Pet. App. C at 8; now Ms. Knight claims that in their first visit, [petitioner] expressed that he would "never" consider the offer, Opp. App. 14 ¶ 6

(Pet'r Reply at 5.)  Perhaps the most glaring example of the discrepancies are Ms. Knight's statements regarding discovery.

> In 2004, Ms. Knight told Magistrate Judge Lewis, after meeting with [petitioner], that she had "received discovery and never really had much time to go over it," Amend. pet. App. B at 1; now she claims that she "went over discovery" with [petitioner] in their first meeting, Opp. App. 14 ¶5, and "explain[ed] the material in great detail," Gov't Mtn. to Dismiss, App. 1 ¶10.

Id.  Petitioner cites other examples of Ms. Knight's contradictory statements and concludes the Court should not rely solely on the papers, but rather must conduct an evidentiary hearing.  Additionally, an evidentiary hearing is necessary to evaluate petitioner's credibility.

### III.    Analysis

The petitioner has demonstrated legitimate factual disputes requiring an evidentiary hearing. As previously noted, the Court must grant an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b). Thus, an evidentiary hearing is necessary where "the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." Leonti, 326 F.3d at 1116.  Because this is a case of alleged ineffective assistance of counsel, the Court evaluates the claim under the Strickland test: (1) whether counsel's representation fell below the standards expected of reasonably competent counsel and (2) whether petitioner suffered prejudice.  466 U.S. 668 (1984).

Petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted.  First, addressing the first step of the Strickland test, petitioner has alleged counsel's representation fell below the standards expected of reasonably competent counsel.  Ineffective assistance of counsel occurs when counsel's advice is "so incorrect and so insufficient that it undermined [petitioners] ability to make an intelligent decision about whether to accept the [plea] offer." Turner v. Calderon, 281 F.3d 851, 879 (9th Cir. 2002); accord United States v. Day, 285 F.3d 1167, 1172 (9th Cir. 2002) ("An attorney's incompetent advice resulting in a defendant's rejection of a plea offer can constitute ineffective assistance of counsel.").

While no Ninth Circuit case elaborates the extent of a lawyer's duty to discuss the plea deal, other circuits and the American Bar Association Standards for Criminal Justice address this question. The Fifth Circuit has found, when conveying a plea offer, reasonably competent counsel is expected "to properly advise the defendant of the maximum sentence that he could receive." Teague v. Scott, 60 F.3d  1167, 1170 (5th Cir. 1995).  Further, the defense attorney has a "constitutional duty to give his 'professional advice on this crucial decision [whether to accept a plea bargain]." Boria v. Keane, 99 F.3d 492, 498 (citations omitted).

The ABA Standards for Criminal Justice provide further guidance. "Under the Strickland test, a court deciding whether an attorney's performance fell below reasonable professional standards can look to the ABA standards for guidance." United States v. Blaylock, 20 F.3d 1458, 1466 (9th Cir. 1994) (citing Strickland, 466 U.S. at 688).  The ABA standards make clear defense counsel "should

promptly communicate and *explain* to the accused all significant plea proposals made by the prosecutor."  ABA Standards for Criminal Justice 4-6.2 (emphasis added).

In this case, petitioner alleges facts that, if true, demonstrate Ms. Knight fell short of the professional standard expected of reasonably competent counsel.  She allegedly conveyed only the duration of imprisonment contained in the offer, but allegedly did not explain the maximum possible sentence, outline effect of accepting or rejecting the offer, or offer advice on the plea offer.  The government strenuously denies petitioner's characterization of the facts, emphasizing the existence of a factual dispute.  The petitioner accurately notes the disparities between Ms. Knight's 2005 statements and her current statements create questions about her credibility.  Additionally, the Court finds the government's attack on petitioner's credibility would be best tested during an evidentiary hearing.  If his allegations are true, petitioner may satisfy <u>Strickland</u> step one.

A hearing is likewise necessary to determine if petitioner suffered any prejudice from the alleged ineffective assistance.  Petitioner and the government disagree whether he would have accepted the plea offer if Ms. Knight had conveyed it properly.  If petitioner's contention is true, he would have accepted the offer, and may satisfy <u>Strickland</u> step two.  An evidentiary hearing is necessary to make this factual determination.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the petitioner's request for an evidentiary hearing.  The hearing will be held on December 18, 2008 at 1:30 p.m.

**IT IS SO ORDERED**

DATED:  October 31, 2008

IRMA E. GONZALEZ, Chief Judge
United States District Court